UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Criminal No. 26-cr-90 (SRN/ECW)

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHARMAINE MEADOWS,

Defendant.

**GOVERNMENT'S SUPPLEMENTAL BRIEF CONCERNING MOTION IN LIMINE AS TO FINANCIAL EVIDENCE**

During arguments on September 30, 2026, the Court directed the parties to provide additional support from the Eighth Circuit concerning the admissibility of evidence of a defendant's spending to either (i) prove an element of the offense (here, Defendant's control of the business through which she intended to defraud Medicaid), and/or (ii) to prove the defendant's motive. As demonstrated through the following cases, the Eighth Circuit is not bashful in properly applying Fed. R. Evid 401 and Fed. R. Evid. 403 to find that such evidence is relevant, is not substantially more prejudicial than probative, and is permissible evidence for either purpose.

In *United States v. Wainwright*, 351 F.3d 816, 821 (8th Cir. 2003), the Court assessed evidence admitted in a mail fraud case court and determined the district court properly permitted use of summary financial exhibits the Court affirmed the district court's decision to admit the summaries because the "summaries of defendant's bank records were evidence of defendant's financial condition that was relevant to his motive for the fraudulent scheme."

In *United States v. Shrum*, 655 F.3d 782 (8th Cir. 2011), a tax fraud case, the defendant argued at the district court that his spending habits were "wholly irrelevant to the issue at bar" and in particular, use of funds for gambling. On appeal, the defendant conceded that use of funds was relevant but continued to argue the prejudice of gambling expenditures. The Circuit Court held "Rule 403 is concerned only with unfair prejudice, that is, an undue tendency to suggest decision on an improper basis" *Id.* (quoting *United States v. Fletcher*, 322 F.3d 508, 518 (8th Cir.2003)). In properly applying this standard, the Eighth Circuit held that admission of spending, even spending of which a jury make take a "dim view" was *not* unfairly prejudicial. *Id.*

In *United States v. Beyer*, 878 F.3d 610, 613 (8th Cir. 2017), a wire fraud case, the Eighth Circuit affirmed the introduction of expenditure evidence to prove "intent to defraud." In particular, the Eighth Circuit held "[t]he location of Beyer's withdrawals—an adult club—was proof he *might* not have used investor funds for legitimate business expenses." *Id.* (emphasis added).

In *United States v. Abodeely*, 801 F.2d 1020, 1025-1026 (8th Cir. 1986), a tax fraud case, the government alleged the defendant under-reported taxable income. The government presented evidence of potential sources of unreported income, including prostitution. *Id.* This court acknowledged that the evidence was "certainly prejudicial." *Id.* But this court approved its admission because the evidence was "highly probative of unreported taxable income." *Id.*

In *United States v. Mitchell*, 31 F.3d 628, 630 (8th Cir. 1994), the Eighth Circuit held that evidence of defendant and accomplice's drug-trafficking activities and exorbitant lifestyle was admissible under Rule 403 to prove motive in case charging structuring a financial transaction to evade currency reporting requirements.

These cases are supplemented by abundant out-of-circuit cases, provided in the original motion, that repeatedly assess the value of expenditure evidence as probative and not outweighed by substantial prejudice. Here, the Court has suggested that control of financial accounts does not "directly" prove fraud. This is an inappropriately narrow view of permissible evidence.

As the Court will soon instruct the jury, "you may have heard the terms 'direct evidence' and 'circumstantial evidence.' You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence." Pattern Instruction 1.03. Circumstantial evidence is sufficient to prove the defendant's mental state; direct evidence is not required. *See, e.g., Rosemond v. United States*, 572 U.S. 65, 78 n.9 (2014) ("In any criminal case … the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission"); *see generally Pereira v. United States*, 347 U.S. 1 (1954). "Intent to defraud may be inferred from all the facts and circumstances surrounding defendants' actions." *DeMier v. United States,* 616 F.2d 366, 369 (8th Cir. 1980) (desire to be more profitable is relevant evidence of intent); *see also United States v. Wrehe*, 628 F.2d 1079, 1082-83 (8th Cir. 1980) ("Intent to defraud need not be shown by direct evidence; it may be inferred from all the facts and circumstances surrounding the defendants' actions.") (citations omitted)); *cf. United States v. Johnson*, 474 F.3d 1044, 1050 (8th Cir. 2007) (noting in case where defendant offered an alternate explanation, "the presence of one possible 'innocent' explanation for the government's evidence does not preclude a reasonable jury from rejecting the exculpatory hypothesis in favor of guilt beyond a reasonable doubt.").

The proposed financial evidence has a "tendency to make a fact more or less probable that it would be without the evidence." Fed. R. Evid. 401(a). The facts are the defendant's control of the business, as opposed to someone else, and her motive underlying her intent to defraud

Medicaid. The fact at issues does not need to be the *essential* fact, but only that "the fact is *of consequence* in determining the action." Fed. R. Evid. 401(b). To the extent the Court believes that the defendant's financial gain from her company's fraud is not "of consequence" to determining intent to defraud, this is inconsistent with the case law, relevant jury instructions, and spirit of the Federal Rules of Evidence. The Pattern Jury Instruction, which the Court is poised to deliver to the jury (without objection) makes this clear: "To act knowingly and with the intent to deceive someone for the purpose of causing some financial loss or loss of money to another or **bringing about some financial gain to oneself** or another to the detriment of a third party." Pattern Jury Instruction 6.18.[1]

The evidence is patently probative and there is no good faith argument that its admission would be "unfairly" prejudicial. Excluding the evidence would impermissibly narrow the government's proofs in regards to a necessary element of the offense.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney
District of Minnesota

*/s/ Emily Reeder-Ricchetti*
Emily Reeder-Ricchetti
Trial Attorney
DC Bar No. 252710
United States Department of Justice
National Fraud Enforcement Division

---

[1] To the extent the Court is unfamiliar with this definition in the context of Health Care Fraud, this definition of "Intent to Defraud" is defined the exact same way in the following instructions: (i) 6.15.77q(a) AND 78j(b), Securities Fraud, (ii) 6.18.152A – Bankruptcy Fraud, (iii) 6.18.152B – Bankruptcy Fraud, (iv) 6.18.157 – Bankruptcy Fraud Scheme, (v) 6.18.666A – Theft Concerning A Program Receiving Federal Funds, (vi) 6.18.1341 – Mail Fraud, (vii) 6.18.1343 – Wire Fraud, (vii) 6.18.1344 – Bankruptcy Fraud, (ix) 6.18.6102 and 6.38.6102 – Fraudulent Receipt of Veterans Affairs Benefits.

1400 New York Avenue NW
Washington, DC 20005
202-355-5633
Emily.Reeder-Ricchetti@usdoj.gov