**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sharmaine Meadows,<br><br>Defendant. | Case No. 26-CR-90 (SRN/ECW)<br><br>**ORDER** |

Brant Cook, Department Of Justice-Criminal Division, 211 West Fort Street, Suite 2001, Detroit, MI 48226; Emily Reeder-Ricchetti, Department Of Justice-Criminal Division, 1400 New York Avenue NW, Washington, DC 20005, Counsel for Government.

Peter Wold and John Fee, Wold Law, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the request of Defendant Sharmaine Meadows to permit the remote trial testimony of defense witness Ronette Robinson. (Def.'s Mem. Supp. Virtual Witness Testimony [Doc. No. 84].) The Government opposes the request. (Gov't's Opp'n [Doc. No. 86].)

The Sixth Amendment's Confrontation Clause provides that "[i]n all prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The right belongs exclusively to criminal defendants. The government possesses no independent confrontation right. Therefore, when the government seeks to call a trial witness through remote video testimony, the defendant's Confrontation Clause

rights are implicated. However, when a defendant seeks to call a defense witness through remote testimony, the defendant's Confrontation Clause rights are not implicated.

When the government seeks to present remote trial testimony against a criminal defendant, courts have applied the strict standard set forth in *Maryland v. Craig*, 497 U.S. 836, 839 (1990). *See, e.g., United States v. Bordeaux*, 400 F.3d 548 (8th Cir. 2005) (finding remote testimony failed to satisfy *Craig* requirements). In *Craig*, the Supreme Court held that remote testimony is a permissible limitation on a defendant's Confrontation Clause rights only upon a showing that the limitation is necessary to promote an important public policy. 497 U.S. at 839. In that case, the Court affirmed the government's presentation of one-way, closed-circuit testimony from a child witness to promote the important public policy of protecting children from the trauma of testifying in child abuse cases in open court. *Id.*

Neither the Federal Rules of Criminal Procedure nor the Local Rules of this Court expressly provide for remote video testimony in criminal cases. Instead, defense-offered remote testimony is constrained by Federal Rule of Criminal Procedure 26, which broadly provides that "[i]n every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072–2077." Fed. R. Crim. P. 26.

Ms. Meadows relies on *United States v. Pritchard*, No. CR-23-00232-001-PHX-KML, 2024 WL 4347815, at *2–3 (D. Ariz. 2024), in which the court found that the Confrontation Clause and resulting requirements of *Craig* were inapplicable to cases in which the defendant seeks to call remote witnesses. Instead, pursuant to Rule 26's strong

preference for live testimony, the court required the defendant to first demonstrate that remote testimony was "necessary," such that "the witnesses would endure hardship by having to testify in person—rather than merely a matter of convenience." *Id.* at *3. Second, the defendant must demonstrate the measures taken to ensure the reliability and trustworthiness of the remote testimony, i.e., "the locations from which the witnesses will testify, the stability of their internet connections, provisions for cameras that reflect the witnesses' demeanor in a manner akin to live testimony, the witnesses' ability to see counsel and the courtroom in [the forum courtroom]," and measures taken to ward against witness coaching or improper reliance on documents. *Id.* Applying these requirements in *Pritchard*, the court found the defendant failed to meet them, but permitted him to renew his motion within approximately 11 days, as the request was made in advance of trial and in conjunction with a request for a Rule 15 deposition.

Here, applying the requirements of *Pritchard*, as Ms. Meadows proposes, she has not met her burden. While the Court is sympathetic to Ms. Robinson's childcare responsibilities and the need to travel from Florida, these circumstances do not demonstrate that remote testimony is "necessary," rather than merely a matter of convenience. Nor has Ms. Meadows demonstrated the measures taken to ensure the reliability and trustworthiness of her proposed remote testimony, stating only that she can ensure a "secure connection," an "appropriate setting," and proper camera placement. (Def.'s Mem. Supp. Virtual Witness Testimony at 4.) Moreover, Ms. Meadows' request comes only days before Ms. Robinson's anticipated testimony, and the Court appreciates the Government's concerns about the jury's ability to adequately assess the demeanor of a remote witness.

These circumstances do not warrant a departure from the general requirement of live testimony in a criminal trial.

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Request for Proposed Virtual Witness Testimony of Witness Ronette Robinson [Doc. No. 84] is **DENIED**.

Dated: Friday, October 2, 2026

*s/ Susan Richard Nelson*
SUSAN RICHARD NELSON
United States District Judge