UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Sharmaine Meadows,

Defendant.

Case No. 26-cr-90 (SRN/ECW)

**DEFENDANT'S MEMORANDUM AS TO PINKERTON INSTRUCTION**

## INTRODUCTION

The grand jury charged Sharmaine Meadows with five executions of health care fraud under 18 U.S.C. §§ 1347 and 2. Doc. 42 at 8. It charged no conspiracy — not under 18 U.S.C. § 371, not under 18 U.S.C. § 1349, not under any statute. The Superseding Indictment alleges a scheme that Ms. Meadows herself devised and executed, and five discrete false claims she "caus[ed]" to be submitted. *Id* at 7. The Government has confirmed the point in its own words: "no conspiracy was charged." Doc. 56.

A Pinkerton instruction has no place in this trial. Pinkerton liability makes a defendant answerable for substantive crimes physically committed by someone else - a co-conspirator - on the theory that those crimes were reasonably foreseeable acts in furtherance of a conspiracy to which the defendant belonged. *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946). It is not a gloss on the elements of § 1347; it is a separate route to a guilty verdict that rests entirely on the existence of a conspiracy. The jury may travel that route only if it first finds, beyond a reasonable doubt, that a conspiracy existed, and that Ms. Meadows was a member of it. *United States v. Zackery*, 494 F.3d 644 (8th Cir. 2007).

The Government cannot make that showing, and it has not tried to. Its theory is that Ms. Meadows ran a fraudulent "scheme," that others at Cradle of Love participated in it, and that their out-of-court statements are admissible against her under the "joint venture" branch of the co-conspirator hearsay exception, Fed. R. Evid. 801(d)(2)(E). Doc. 56 at 5. But the evidentiary "joint venture" concept is a preponderance-standard rule of admissibility that is "distinct from the substantive law concept" of conspiracy. *United States v. Miller*, 644 F.2d 1241 (8th Cir. 1981). It cannot be converted into a jury instruction that holds Ms. Meadows criminally liable, beyond a reasonable doubt, for the acts of others.

For the reasons below, the Court should decline to give any Pinkerton or co-conspirator-liability instruction and should instruct the jury solely on the elements of health care fraud, and aiding and abetting as charged, measured against Ms. Meadows's own conduct.

**BACKGROUND**

The Superseding Indictment charges Ms. Meadows in five counts of health care fraud, "[e]ach in violation of Title 18, United States Code, Sections 1347 and 2." Doc. 42 at 8. Each count alleges that Ms. Meadows, "aided and abetted by others known and unknown," executed a scheme to defraud Medicaid by "causing the submission" of a specified false claim. *Id* at 7. The indictment alleges a scheme Ms. Meadows "devise[d] and participate[d] in," that it was "the purpose of the scheme for MEADOWS to unlawfully enrich herself," and that she "directed others" to submit false claims. *Id* at 4, 5, and 6. The indictment contains no conspiracy count and names no co-conspirator as a defendant.

In its Supplemental Trial Brief, the Government acknowledges that "no conspiracy was charged." Doc 56 at 1. It argues that § 1347 "does not require charging a conspiracy to present evidence of the broader scheme." *Id* at 3. And it seeks to introduce out-of-court statements of

Cradle of Love's CFO Tony Davis and a former biller, Latrice Osborne Ushie, under Rule 801(d)(2)(E), on the theory that the Rule's use of "conspiracy" reaches "any joint venture or concert of action, including a health care fraud scheme." (UNITED STATES'S SUPPLEMENTAL TRIAL BRIEF at 7; UNITED STATES'S SUPPLEMENTAL TRIAL BRIEF at 9) The Government's filing anticipates attributing the words and conduct of other Cradle personnel to Ms. Meadows. A Pinkerton instruction would let the jury take the final step the indictment forbids: convicting Ms. Meadows of substantive crimes on the strength of what other people said and did.

## ARGUMENT

### I. A Pinkerton instruction requires the jury to find an actual conspiracy beyond a reasonable doubt - a theory the Government has disavowed.

*Pinkerton v. United States* holds that a defendant may be convicted of a substantive offense he did not personally commit, where the offense was committed by a co-conspirator "in furtherance of the unlawful agreement or conspiracy" and was reasonably foreseeable. 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946). The doctrine's defining feature is that it dispenses with proof of the defendant's "direct participation in the commission of the substantive offense." *United States v. Zackery*, 494 F.3d 644 (8th Cir. 2007). In exchange for relieving the Government of that proof, Pinkerton demands something else: a jury finding, beyond a reasonable doubt, that a conspiracy actually existed and that the defendant belonged to it.

The Eighth Circuit has stated the required findings precisely. Under *Pinkerton*, a defendant may be convicted of a substantive offense she did not commit only on "proof beyond a reasonable doubt' that a conspiracy existed, that the defendant was a member of it, that a conspirator [committed the substantive offense], and that the defendant could reasonably have foreseen" the offense "as a necessary or natural consequence of the conspiracy." *United States v.*

*Zackery*, 494 F.3d 644 (8th Cir. 2007). The Supreme Court required exactly this in *Pinkerton* itself, where the jury was charged that it could convict on the substantive counts only if "satisfied from the evidence beyond a reasonable doubt that the two defendants were in an unlawful conspiracy" and that the substantive acts were committed in furtherance of that conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946).

That predicate is absent here. The Government has not alleged a conspiracy, has not identified the agreement, and has told the Court in writing that "no conspiracy was charged." Doc. 56 at 1. Its theory is a scheme that Ms. Meadows "devise[d]" and for which she used others as instruments — she "directed others to submit" false claims. Doc 42 at 4, 6. Directing an employee is not conspiring with a co-equal partner, and a "scheme" executed through subordinates is not the "unlawful agreement" that Pinkerton requires the jury to find. There is no conspiracy theory in this case for the jury to adopt, and a Pinkerton instruction would invite the jury to find one the Government never charged and has never undertaken to prove beyond a reasonable doubt.

Ms. Meadows recognizes, and candidly flags for the Court, that the Eighth Circuit has held a conspiracy offense need not be separately charged in the indictment for *Pinkerton* liability to attach; the court reasoned that Pinkerton presents "an issue of whether the evidence was sufficient to convict the defendant of a substantive offense," so "whether the indictment charged a separate conspiracy offense is simply irrelevant." *United States v. Zackery*, 494 F.3d 644 (8th Cir. 2007). That holding does not help the Government here. The court in *Zackery* did not dispense with the conspiracy itself; it dispensed only with the formality of a separate count, while reaffirming that the jury must still find "that a conspiracy existed" and "that the defendant was a member of it" beyond a reasonable doubt. *Id*. The defect in this case is not a missing

count. It is the absence of any conspiracy - charged, proffered, or provable - to submit to the jury at all. An instruction authorizing conviction on a theory the Government has affirmatively abandoned is not a permissible shortcut; it is an instruction with no foundation in the case the Government has chosen to bring.

## II. The Government's Rule 801(d)(2)(E) "joint venture" theory cannot supply the conspiracy Pinkerton requires.

The only "concert of action" the Government has invoked is the evidentiary joint-venture concept it uses to admit hearsay under Rule 801(d)(2)(E). That concept cannot bear the weight of a substantive-liability instruction, for two independent reasons.

First, the two doctrines are different in kind. As the Eighth Circuit has explained, the term conspiracy as used in Rule 801(d)(2)(E) is distinct from the substantive law concept, and "is well established that the crime of conspiracy need not be charged in order to invoke the conspirator exception"; the Rule "may more properly be thought of as a joint venture" or a "concert of action" exception." *United States v. Miller*, 644 F.2d 1241 (8th Cir. 1981). The Rule governs the admissibility of out-of-court statements. It says nothing about who may be convicted of a substantive crime, or on what proof.

Second, the two doctrines operate on opposite standards of proof. A statement comes in under Rule 801(d)(2)(E) if the court is "satisfied that it is more likely than not that the statement was made during the course and in furtherance of an illegal association" — a preponderance standard, decided by the judge, on independent evidence that "need not show beyond a reasonable doubt that the illegal association exists." *United States v. Miller*, 644 F.2d 1241 (8th Cir. 1981). Pinkerton liability requires the opposite: a finding by the jury, "beyond a reasonable doubt," that the conspiracy existed and that the defendant joined it. *United States v. Zackery*, 494 F.3d 644 (8th Cir. 2007). A judge's preliminary, preponderance finding that statements are

admissible cannot be repackaged into a jury instruction authorizing conviction for another person's crimes. To allow it would let the Government prove the core of its case - Ms. Meadows's responsibility for the acts of Davis, Ushie, and other Cradle staff - by a preponderance, when the Constitution and Pinkerton require proof beyond a reasonable doubt.

The Government's own authorities underscore the divide. It relies on the line of cases holding that co-schemer statements are admissible "even though no conspiracy has been charged" because the Rule reaches joint ventures. That is an argument about evidence. It provides no basis for an instruction that makes Ms. Meadows criminally liable for conduct she did not personally commit. The admissibility of a statement and the attribution of criminal liability are not the same question, and the former cannot answer the latter.

**III. A Pinkerton instruction would not be supported by the evidence and should be refused on that ground alone.**

An instruction may be given only when it "is supported by the evidence and correctly states the law." *United States v. Conway*, 754 F.3d 580 (8th Cir. 2014). A party "is entitled to the instruction only 'if the evidence supported his theory." *Id*. So too, an instruction is properly refused when it is "not supported by the evidence at trial." *United States v. Gonzales*, 90 F.3d 1363 (8th Cir. 1996). These principles apply with full force to a Pinkerton instruction, which is proper only if the record would permit a rational jury to find the conspiracy and membership elements beyond a reasonable doubt. *United States v. Zackery*, 494 F.3d 644 (8th Cir. 2007). The record cannot support those findings. The Government's supplemental trial brief proffer describes Ms. Meadows directing employees and a billing operation she controlled — not an agreement among partners to pursue a common criminal objective. Its centerpiece evidence of "concert of action" consists of instructions to "maximize" billable hours, statements the defense has shown, in context, to be unremarkable directions to perform and document legitimate work

rather than agreements to defraud. Indeed, the same records show Cradle management identifying overbilling by employees and disciplining them to include deducting the overbilled hours - conduct inconsistent with a shared criminal agreement. On this record, a *Pinkerton* instruction would ask the jury to find a conspiracy the evidence does not establish. The Court should decline to give an instruction untethered to a theory the evidence supports.

**IV. In the alternative, a Pinkerton instruction would broaden the indictment and deprive Ms. Meadows of fair notice.**

Even if the Court were otherwise inclined to entertain a Pinkerton instruction, giving one here would impermissibly expand the case beyond the grand jury's charge. "A constructive amendment of an indictment occurs when jury instructions broaden the scope of an indictment by permitting a conviction for an uncharged offense," *United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010), and "[a] jury instruction can function as a constructive amendment to an indictment 'if it modifies the essential elements of the offense charged in the indictment." *United States v. Collins*, 350 F.3d 773 (8th Cir. 2003). The rule traces to the Fifth Amendment: after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself. *Stirone v. United States*, 361 U.S. 212, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960). A court "cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960).

The grand jury charged that Ms. Meadows personally devised and executed a scheme and caused the submission of five false claims. A Pinkerton instruction would substitute a materially different basis for conviction - that others committed the offenses, and that Ms. Meadows is answerable for them as a member of a conspiracy. The grand jury never passed on a conspiracy, and this Court cannot know that it would have been willing to charge one. *Id*. Adding "a new

basis for conviction" the grand jury did not sanction "destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Id*. Where an instruction is "so fundamental that it permits the jury to convict the defendant of a different crime than that charged, it is a constructive amendment of the indictment." *United States v. Griffin*, 215 F.3d 866 (8th Cir. 2000).

At a minimum, the shift would work a prejudicial variance that deprives Ms. Meadows of fair notice. "The primary consideration" in the variance analysis "is whether the indictment fully and fairly apprised the defendant of the charges he or she must meet at trial." *United States v. Quinn*, 131 F.4th 846 (8th Cir. 2025)) Having read an indictment that charges her own acts, and a Government brief conceding "no conspiracy was charged," Ms. Meadows has prepared to defend against the Government's proof that she submitted or caused false claims — not against a conspiracy theory introduced for the first time through the jury instructions. Injecting co-conspirator liability at the instruction stage would prejudice that defense.

## V. The charged theories already define how others' conduct may reach the jury, and they require Ms. Meadows's own culpable participation.

The elements of health care fraud confirm that this is a case about Ms. Meadows's own conduct. Section 1347 punishes "[w]hoever knowingly and willfully executes, or attempts to execute, a scheme or artifice" to defraud a health care benefit program. *United States v. Dupont*, 672 F.3d 580 (8th Cir. 2012). The offense turns on the defendant's own knowing and willful execution of the scheme and her own intent to defraud. *Id*. The indictment's aiding-and-abetting allegation under 18 U.S.C. § 2 likewise reaches others' conduct only by way of Ms. Meadows's own culpable participation - it asks whether she knowingly associated with and participated in the offense, not whether she can be charged with acts she did not join.

These charged theories give the jury a lawful, counseled path to consider the conduct of Davis, Ushie, and other Cradle staff — through Ms. Meadows's direction of, knowledge of, and participation in the five charged executions. A Pinkerton instruction is unnecessary to that task and, for the reasons above, impermissible on this indictment and this record. The Court should hold the Government to the theories it charged.

**CONCLUSION**

The Superseding Indictment charges Sharmaine Meadows with her own crimes, not with a conspiracy. A Pinkerton co-conspirator-liability instruction would authorize the jury to convict her for the acts of others on a conspiracy the Government never charged, has disavowed, and cannot prove beyond a reasonable doubt — and could do so only by borrowing a preponderance-standard evidentiary doctrine that has no bearing on substantive liability. Ms. Meadows respectfully requests that the Court:

1. Decline to give any Pinkerton or co-conspirator-liability instruction; and

2. Instruct the jury solely on the elements of health care fraud under 18 U.S.C. § 1347, and aiding and abetting under 18 U.S.C. § 2 as charged, measured against Ms. Meadows's own conduct.

Respectfully submitted,

Dated: October 2, 2026.

**WOLD LAW**

/s/ John K. Fee
John K. Fee, Atty ID 0504800
331 Second Ave. S., Ste. 705
Minneapolis, MN 55401
612.341.2525