**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sharmaine Meadows,<br><br>Defendant. | Case No. 26-CR-90 (SRN/ECW)<br><br>**ORDER** |

Brant Cook, Department of Justice–Criminal Division, 211 West Fort Street, Suite 2001, Detroit, MI 48226; Emily Reeder-Ricchetti, Department of Justice–Criminal Division, 1400 New York Avenue NW, Washington, DC 20005, Counsel for the Government.

Peter Wold and John Fee, Wold Law, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, Counsel for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's Renewed Motion for Judgment of Acquittal ("Motion for Acquittal") [Doc. No. 110]. For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

Defendant was indicted on five counts of health care fraud in violation of 18 U.S.C. § 1347. (Superseding Indictment [Doc. No. 42].) The Government alleged that Defendant engaged in a fraudulent billing scheme against Minnesota's Housing Stabilization Services Program ("HSS"), a program funded by Medicaid to provide housing services for people

with disabilities and seniors. (*Id.* ¶¶ 16–18.) Each of the five counts corresponded to a discrete "execution" of the fraudulent scheme. (*Id.* ¶ 20.)

At trial, the Government was required to prove that (1) Defendant knowingly executed a scheme to defraud Medicaid, (2) with the intent to defraud, (3) in connection with payment for health care benefits or services, and (4) that the Medicaid Program is a public health care plan affecting commerce, under which health care benefits or services are provided to individuals. 18 U.S.C. § 1347; *see also United States v. Golding*, 972 F.3d 1002, 1006 (8th Cir. 2020). The Court instructed the jury as to each of these elements. (Final Jury Instructions [Doc. No. 98] at 8–11.)

After the Government presented its case-in-chief, Defendant moved for acquittal under Federal Rule of Criminal Procedure 29(a), which the Court denied. At the conclusion of trial, the jury returned a mixed verdict, determining that Defendant was guilty as to Counts Two, Four, and Five, and not guilty on the remaining counts. Defendant has now renewed her motion for a judgment of acquittal as to the three counts of conviction under Rule 29(c). (Mot. for Acquittal [Doc. No. 110] at 3–5.)

## II. DISCUSSION

### A. Legal Standard

Under Rule 29, a district court "must enter judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." *United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006) (citing Fed. R. Crim. P. 29(a)). This is a high bar. The Court "has very limited latitude in ruling upon a motion for judgment of acquittal," and may not weigh evidence or assess the credibility of witnesses. *United States v. Baker,* 367

F.3d 790, 797 (8th Cir. 2004). Rather, the Court "must view the evidence in the light most favorable to the government, resolve all evidentiary conflicts in the government's favor, and accept all reasonable inferences drawn from the evidence supporting the jury's verdict." *United States v. Johnson,* 474 F.3d 1044, 1048 (8th Cir. 2007) (citation omitted).

If the evidence rationally supports two conflicting hypotheses, the Court will not disturb the conviction. *United States v. Wirtz*, 357 F. Supp. 2d 1164, 1167 (D. Minn. 2005) (citing *Ortega v. United States,* 270 F.3d 540, 544–45 (8th Cir. 2001)). Judgments of acquittal should be granted only "if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez,* 165 F.3d 650, 654 (8th Cir. 1999) (citation omitted).

**B. Defendant's Motion for Acquittal as to Count Two**

The jury convicted Defendant of fraudulently billing Medicaid for fabricated services provided to "S.R.," a Medicaid recipient. (Superseding Indictment ¶ 20 (Count Two).) At trial, the Government elicited testimony that S.R. was hospitalized with a serious illness at the time the HSS services were billed for, and that S.R. was unaware of any services being provided during her hospitalization. (Trial Tr. Vol. II at 236:4–237:19.)

Defendant moves for acquittal on two grounds. First, Defendant argues that the Government's evidence is insufficient to support a conviction and urges the Court to consider the evidence that the billing was for legitimate time spent researching available housing for S.R. (Mot. for Acquittal at 6–7.) Second, Defendant argues that the Government offered "no evidence" that she executed this scheme with fraudulent intent or that she aided and abetted the fraudulent billing related to S.R. (*Id.* at 7.)

The Court accepts all reasonable inferences drawn from the evidence in support of the jury's verdict. *Johnson,* 474 F.3d at 1048. Even if the evidence rationally supports two conflicting hypotheses, the Court will not disturb the conviction. *Wirtz*, 357 F. Supp. 2d at 1167. Defendant bears the burden of showing that there is "no interpretation of the evidence that would allow a reasonable jury to find [her] guilty beyond a reasonable doubt." *Gomez,* 165 F.3d at 654. Defendant has not met this high bar.

At trial, the Government presented evidence from which the jury could conclude that the billing for S.R. was fraudulent, including summaries of billing statements and S.R.'s testimony. (Gov't Exs. 3, 8; Trial Tr. Vol. II at 229:8–239:18.) The Government also presented evidence from which the jury could conclude that Defendant instructed her staff to maximize hours billed to Medicaid, regardless of whether the services were provided. (Gov't Exs. 306, 315, 319, 320; Trial Tr. Vol. III at 429:1–22; 438:1–10; 466:11–25.) Further, the jury was provided with instructions on health care fraud, aiding and abetting, and intent, and the Court assumes that "the jury followed the court's instructions, weighed the evidence and credibility of the witnesses, and carefully reached the verdict that it did." *Borchardt v. State Farm Fire & Cas. Co.*, 931 F.3d 781, 786 (8th Cir. 2019). The Court finds no basis to disturb the jury's verdict.

### C. Defendant's Motion for Acquittal as to Counts Four and Five

The jury convicted Defendant of two counts of fraudulently billing Medicaid for services that were never provided to "M.F.," a Medicaid recipient. (Superseding Indictment ¶ 20 (Counts Four and Five).) At trial, the Government presented evidence that one of

Defendant's employees fabricated billing entries for services for M.F., and that Defendant was aware of her employee's actions. (Gov't Exs. 11, 326; Trial Tr. Vol. III at 485:7–489:6.)

As with Count Two, Defendant moves for acquittal on two grounds. First, Defendant restates her argument that the Government presented insufficient evidence to show that she aided and abetted the fraudulent billing. (Mot. for Acquittal at 8–9.) Defendant also argues that the Government's evidence "d[oes] not prove the falsity" of the two executions. (*Id.* at 9.)

For the same reasons stated above, the Court finds that Defendant has not met the high bar for acquittal under Rule 29. *Cacioppo*, 460 F.3d at 1021. At trial, the Government presented evidence from which the jury could conclude that the billing submitted for M.F. was fraudulent. (Gov't Exs. 11, 326; Trial Tr. Vol. III at 485:7–489:6.) The jury heard testimony from M.F. about her interactions with Defendant's company and was presented with evidence regarding the claims submitted for services allegedly provided to her at the time. (Trial Tr. Vol. IV at 820:16–825:14.) As with Count Two, the jury was properly instructed as to the standards for health care fraud, aiding and abetting, and intent, and is trusted to have considered the evidence accordingly. *Borchardt*, 931 F.3d at 786.

Viewing the evidence in the light most favorable to the Government and resolving all evidentiary conflicts in the Government's favor, the Court finds that Defendant has not met the high bar for acquittal of Counts Four and Five under Rule 29(c).

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Judgment of Acquittal [Doc. No. 110] is **DENIED**.

Dated: November 18, 2026

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge